# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JEROME LOVE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | **2:12-cv-3897-AKK** |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social** ) | |
| **Security,** ) | |
| ) | |
| **Defendant.** | |

## MEMORANDUM OPINION

Plaintiff Jerome Love ("Love") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence. Therefore, for the reasons elaborated herein, the court will affirm the decision denying benefits.

### I. Procedural History

Love, whose past relevant experience includes work as a painter and van driver, filed an application for Title XVI Supplemental Security Income on

September 10, 2009, alleging an amended disability onset date of September 10, 2009, due to diabetes and vision problems. (R. 21, 140). After the SSA denied Love's claim, he requested a hearing before an ALJ. (R. 69-70). The ALJ subsequently denied Love's claim, (R. 18-28), which became the final decision of the Commissioner when the Appeals Council refused to grant review. (R. 1-6). Love then filed this action for judicial review pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *See* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703

F.2d 1233, 1239 (11th Cir. 1983)). Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III. Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1)   whether the claimant is currently unemployed;

(2)   whether the claimant has a severe impairment;

(3)   whether the impairment meets or equals one listed by the Secretary;

(4)   whether the claimant is unable to perform his or her past work; and

(5)   whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, he must meet additional criteria. In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of

pain or other subjective symptoms." *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991). Specifically,

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.[1]

*Id*. However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, *neither requires objective proof of the pain itself*. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself*. See 20 CFR §§ 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the

---

[1] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

ALJ must find a disability unless the ALJ properly discredits the claimant's testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence.

*Hale*, 831 F.2d at 1012.  Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not supported by substantial evidence, the court must accept as true the pain testimony of the plaintiff and render a finding of disability.  *Id.*

### IV.  The ALJ's Decision

In performing the five step analysis, the ALJ found that Love had not engaged in substantial gainful activity since September 10, 2009, and, therefore, met Step One.  (R. 23).  Next, the ALJ found that Love satisfied Step Two because he suffered from the severe impairments of "diabetes mellitus associated with lower extremity claudication."  *Id*.  The ALJ then proceeded to the next step and found that Love failed to satisfy Step Three because he "does not have an impairment or combination of impairments that meets or medically equals one of

the listed impairments." (R. 24). Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where he determined that Love has the residual functional capacity (RFC) to perform

> a range of medium work as defined in 20 CFR 416.967(c), with the ability to lift/carry up to fifty pounds occasionally and twenty-five pounds frequently, to stand/walk for about a total of six hours each workday, and to sit for about six hours each workday. However, the claimant is unable to climb ladders, ropes, or scaffolds and should have no exposure to temperature extremes or hazards, such as unprotected heights or hazardous, moving machinery. Additionally, he should perform no more than occasional stooping, kneeling, crouching, crawling, or climbing stairs/ramps.

*Id.* In light of his RFC, the ALJ held that Love "is unable to perform any past relevant work." (R. 26). Lastly, in Step Five, the ALJ considered Love's age, education, work experience,[2] and RFC and determined "there are jobs that exist in significant numbers in the national economy [Love] can perform." *Id.* Therefore, the ALJ found that Love "has not been under a disability, as defined in the Social Security Act, since September 10, 2009, the date the applications was filed." (R. 27).

---

[2] As of the date of the ALJ's decision, Love was 59 years old, had a high school education, and had past relevant medium work as a painter and van driver. (R. 26).

V.  Analysis

The court now turns to Love's contentions that (1) the ALJ's RFC assessment was incompatible with the jobs he identified in Step Five; and (2) the ALJ improperly relied on Love's activities to find he could perform medium work.[3]  See doc. 9 at 6-7.  The court addresses each contention in turn.

    A.    The ALJ's RFC assessment is compatible with the jobs identified by the ALJ.

Love contends that the restrictions of only occasional stooping, kneeling, crouching, crawling, and climbing stairs/ramps in the ALJ's RFC assessment are inconsistent with the ability to perform the medium jobs identified by the ALJ.[4] Doc. 9 at 6.  Unfortunately, Love's contention misses the mark because the ALJ properly relied on testimony from a vocational expert (VE) to find Love could perform jobs that exist in the national economy for an individual with Love's RFC, (R. 52), and, in this circuit, "[t]he preferred method of demonstrating job availability when the grids are not controlling is through expert vocational

---

[3] Love's contention regarding transferability of skills rests on the assumption that he is limited to light work.  Doc. 9 at 8.  Because Love has not shown the ALJ erred in finding he could do a reduced range of medium work, this contention is irrelevant.

[4] The ALJ noted that the vocational expert testified that, with Love's RFC for a reduced range of medium work, Love could perform the requirements of representative occupations such as equipment cleaner (DOT 381.687-022), cashier (DOT 211.467-034), and packer (DOT 920.587-018).  (R. 27, 52).

testimony." *Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir. 1985). The record here shows that the VE testified that an individual with Love's RFC could perform the job of cashier, which requires no climbing, stooping, kneeling, crouching, or crawling. *see* DICOT 211.467-034, 1991 WL 671854 (G.P.O.), and that there are 2,900 such jobs in the state, and 130,000 in the nation. (R. 52). This testimony provides substantial evidence to support the ALJ's finding that Love could perform other work and, accordingly, the ALJ committed no reversible error.

      B.    <u>The ALJ properly considered Love's daily activities.</u>

Finally, Love contends that the ALJ erred in considering his testimony that he babysits his one year-old grandchild because "[t]his activity does not constitute work . . . and does not readily translate to medium work activity." Doc. 9 at 7. However, Love is misconstruing the ALJ's analysis. The ALJ simply considered the babysitting, along with Love's other daily activities, in assessing how Love's alleged symptoms affected his RFC, and never found that Love's babysitting constituted work, or that it was the equivalent of medium work:

> The claimant has described daily activities that are not limited to the extent one would expect of a disabled individual. For example, at hearing the claimant testified he babysits his one year-old grandchild, which can be quite physically demanding, for up to eight or nine hours each weekday. He also performs household chores, such as cleaning his house, without significant difficulty.

(R. 25); *see* 20 C.F.R. § 416.929(3)(i) (claimant's daily activities will be considered in assessing symptoms such as pain). Moreover, in addition to Love's daily activities, the ALJ also considered inconsistencies in Love's statements about his symptoms:

> The claimant has also given inconsistent statements in connection with his disability claim. As noted above, in April of 2010, the claimant told medical providers he walks about four hours each day for exercise.[5] (Exhibit B6F 33.) However, at hearing, the claimant testified he was only able to stand/walk for about ten minutes at one time, and there is nothing in the record to suggest the claimant's conditions have significantly deteriorated since April of 2010. (Hearing Testimony.) While such inconsistencies may not be the result of a conscious decision to mislead, they do suggest information provided by the claimant may not be entirely reliable.

(R. 26). The ALJ committed no error because conflicts between a claimant's statements and other evidence can be considered in assessing symptoms such as pain. *See* 20 C.F.R. § 416.929(c)(4).

Ultimately, based on this record, Love has failed to show that the ALJ erred in finding Love's testimony was not credible. In accordance with the pain standard in this circuit, *see* Section III, *supra*, the ALJ articulated specific reasons that are supported by substantial evidence for discounting Love's testimony of disabling symptoms. The ALJ also properly considered Love's testimony about

---

[5] The treatment note provides: "Exercise: States he does a lot of walking–about 4 hours [a] day." (R. 470).

his daily activities in assessing his credibility and did not rely excessively on Love's testimony that he babysat his grandchild in reaching his determination. Significantly, even though the ALJ did not credit Love's testimony of disabling symptoms, he recognized that Love had some limitations, and explained that he accommodated Love's claudication[6] by including the additional postural and environmental limitations. (R. 26). The court finds that substantial evidence supports the ALJ's determination that these restrictions account for Love's symptoms. Accordingly, because this court does not reweigh the evidence, there is no reversible error in the ALJ's credibility finding.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Love is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

---

[6] Claudication refers to pain or cramping in the lower leg due to inadequate blood flow to the muscles. The most common cause is peripheral artery disease caused by a hardening of the arteries from accumulation of cholesterol plaque. http://www.medicinenet.com/claudication/article.htm

Done the 31st day of July, 2014.

 

 

*/s/ Abdul K. Kallon*
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE